**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10595 |
| Plaintiff - Appellee, | D.C. No. 2:11-CR-00505-LKK-1 |
| v. | |
| DUSTIN E. BOLE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge

Submitted October 15, 2013**
San Francisco, California

Before: THOMAS and MCKEOWN, Circuit Judges, and BENNETT, District

Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2).

\*\*\* The Honorable Mark W. Bennett, District Judge for the U.S. District Court for the Northern District of Iowa, sitting by designation.

Defendant-Appellant Dustin E. Bole appeals his conviction for stealing auxiliary Social Security benefits, in violation of 18 U.S.C. § 641. We have jurisdiction pursuant to 28 U.S.C. § 1291. Bole contends that the magistrate judge who presided over his trial erred in not instructing the jury that theft of government money must be "willful." Bole did not object to the jury instruction at trial, and we find the magistrate did not commit plain error by giving the Ninth Circuit Model Criminal Jury Instruction for a § 641 charge. Thus, we affirm Bole's conviction. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

Because Bole did not object to the jury instructions, we review for plain error. *See United States v. Ajoku*, 718 F.3d 882, 889 (9th Cir. 2013). "To notice error under Federal Rule of Criminal Procedure 52(b), this court must find that (1) there was 'error,' (2) it was 'plain,' and (3) the error affected 'substantial rights.'" *United States v. Mancuso*, 718 F.3d 780, 794–95 (9th Cir. 2013) (quoting *United States v. Olano*, 507 U.S. 725, 732–35 (1993)). Even if these three conditions are met, we may reverse only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 467 (1997) (internal quotation marks omitted).

Bole argues that the magistrate judge erred in failing to instruct the jury that, in order to convict him of theft of government money, it had to find that his actions were "willful." Our precedent clearly forecloses that argument. *See United States v. Derington*, 229 F.3d 1243, 1248 (9th Cir. 2000); *United States v. Campbell*, 42 F.3d 1199, 1204–05 (9th Cir. 1995). In each of these decisions, this court explicitly held that instructions nearly identical to the instruction used here and patterned after the Ninth Circuit Model Criminal Jury Instruction for theft of government money or property appropriately defined the *mens rea* required to convict a defendant under § 641. *See Derington*, 229 F.3d at 1248 ("The instructions *were sufficient* to put at issue whether or not Derington had mens rea.") (emphasis added); *Campbell*, 42 F.3d at1205 ("In the absence of objection, it was not plain error for the district court to use [the Ninth Circuit Model Criminal Jury] instructions.").

Accordingly, we conclude it was not plain error for the magistrate judge to give the Ninth Circuit Model Criminal Jury Instruction for theft of government money or property.

AFFIRMED.